**Dated: July 13, 2011**

**The following is ORDERED:**



*Tom R Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re:

NITA SUE HAMBRICK                                    Case No. 09-81378-TRC
                                                                     Chapter 13
                       Debtor.


NITA SUE HAMBRICK,

                       Plaintiff,

v.                                                                   Adv. No. 11-08001-TRC

PERCEPTUAL DEVELOPMENT
CORPORATION, Helen Irlen,
Robert Irlen, Bonnie N. Fine,

                       Defendants.


**ORDER DENYING MOTION TO STRIKE AND MOTION FOR SANCTIONS**

    Before the Court are the Motion to Strike and Brief in Support ("Motion to Strike")[1] and

_____

[1]*Docket Entry 11.*

Motion for Sanctions and Brief in Support ("Motion for Sanctions"),[2] both filed on February 11, 2011, by defendants Perceptual Development Corporation ("PDC"), Helen Irlen, Robert Irlen, and Bonnie N. Fine (collectively the "Defendants").[3] Debtor and Plaintiff Nita Sue Hambrick ("Debtor") filed a Response to Defendants' Motion to Strike on February 25, 2011,[4] and a Response to Defendants' Motion for Sanctions on March 21, 2011.[5] This Court held a hearing on the motions on April 19, 2011, and took the matters under advisement. After a review of the motions and responses, and being well-versed in the history of this case and relationship of these parties, the Court finds that Defendants' Motion to Strike and Motion for Sanctions should be denied.

## I.  JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(1).

## II.  BACKGROUND

Debtor and PDC entered into a contractual relationship in January 1999. In January 2008, PDC filed suit against Debtor for breach of contract in California state court.[6] PDC also sued Debtor based on the theories of misappropriation of trade secrets, breach of confidence, civil conspiracy,

---

[2]*Docket Entry 13.*

[3]Helen Irlen founded PDC (which did business as the Irlen Institute), Robert Irlen is her husband, and Bonnie N. Fine is the attorney representing PDC and the Irlens.

[4]*Docket Entry 16.*

[5]*Docket Entry 17.*

[6]*Docket Entry 11-1.*

breach of fiduciary duty, fraud, interference with prospective business advantage, trade libel, and unjust enrichment.[7]   Debtor then filed a tort action against Helen Irlen in Oklahoma state court in February 2008.[8]   Debtor also filed an action for declaratory relief against Helen Irlen and PDC in Oklahoma.[9]   The Oklahoma state court ruled that Debtor's claims were subject to litigation in the California state court or arbitration.[10]

Debtor filed her Chapter 13 petition on August 17, 2009.[11]   After a suggestion of bankruptcy was filed in the California state court, the case was continued indefinitely.  Based on the same facts alleged in the California action, Defendants then filed an adversary proceeding on November 16, 2009,[12] contesting the dischargeability of claims they had against Debtor under 11 U.S.C. § 523(a)(2), (4), and (6).[13]   Debtor answered the nondischargeability complaint and filed a counterclaim against Defendants on November 30, 2009.[14]

Defendants' adversary complaint was dismissed without prejudice on their own motion on June 2, 2010.[15]   Thereafter, on June 7, 2010, Defendants filed a motion to dismiss the adversary

---

[7]*Id.*

[8]*Docket Entry 11-2* at 1.

[9]*Id.* at 4.

[10]*Docket Entry 11-3.*

[11]Bankruptcy Case No. 09-81378 (hereafter "*Bankruptcy*").

[12]Adversary Proceeding No. 09-08043 (hereafter "*2009 AP*").

[13]Unless otherwise indicated, all future statutory references in text are to the Bankruptcy Code, Title 11 of the United States Code.

[14]*2009 AP Docket Entry 9.*

[15]*2009 AP Docket Entry 61.*  The complaint was never refiled.

proceeding which consisted of Debtor's counterclaim against them.[16]  This Court entered an order

abstaining from hearing Debtor's counterclaim, and therefore dismissed the  adversary proceeding

on August 19, 2010.[17]  Debtor was granted a discharge in her Chapter 13 bankruptcy case on

September 10, 2010.[18]  Her case was closed on December 27, 2010.[19]

On January 11, 2011, Debtor filed this adversary proceeding, alleging violation of the

automatic stay and discharge injunction by Defendants.  In her complaint, Debtor alleges that

throughout her bankruptcy proceeding, Robert Irlen continued to appear and pursue legal actions

against her in the 2008 California state court action.  Further, she complains that on January 5, 2011,

PDC filed a Request for Entry of Default Judgment against her in that action.[20]  Defendants

responded by filing their Motion to Strike Debtor's adversary complaint,[21] together with their Motion

for Sanctions, alleging the adversary proceeding is an "abusive and vexatious" filing.[22]

## III.  DISCUSSION

Defendants filed their Motion to Strike on the following three grounds:  "1. No pending

bankruptcy case presently exists upon which any potential adversary proceeding can be brought; 2.

---

[16]*2009 AP Docket Entry 63*.

[17]*2009 AP Docket Entry 69.*  The abstention order was appealed to the District Court for the Eastern District of Oklahoma and affirmed on January 10, 2011, in Case No. CIV-10-359-RAW.

[18]*Bankruptcy Docket Entry 127*.

[19]*Bankruptcy Docket Entry 138*.

[20]*Docket Entry 1* at 4-5.

[21]*Docket Entry 11.*

[22]*Docket Entry 13.*

The material facts and history alleged as the basis of the proffered action are inaccurate, incomplete, and intended to mislead the Court to create support for her allegations; and 3. The proffered proceeding is merely the Debtor/Plaintiff's latest impermissible collateral attack on this Court's previous order dismissing, and abstaining from, her state law claims against PDC."[23]  We construe Defendants' "Motion to Strike" as a motion to dismiss Debtor's complaint under Federal Rule of Civil Procedure 12(b).[24]  Though not specifically articulated, Defendants appear to argue that this Court lacks subject matter jurisdiction and/or Debtor fails to state a claim upon which relief can be granted.  The Court disagrees.

First, the Defendants' argument that this Court lacks jurisdiction on the basis that "[n]o pending bankruptcy case presently exists upon which any potential adversary proceeding can be brought" has been mooted.  Debtor filed a Motion to Reopen to reopen her bankruptcy case on April 26, 2011.[25]  After a hearing on the motion, this Court entered its Order Granting Motion to Reopen on May 31, 2011, and Defendants did not move for reconsideration or appeal the decision.[26]

Second, Defendants' suggestion that this Court does not have jurisdiction over this adversary proceeding because it is an impermissible collateral attack is not well taken.  Defendants argue that "[Debtor] is mounting a collateral attack on this Court's ruling dismissing and abstaining from litigating this issue in the prior adversary proceeding" because "[Debtor] seeks to evade having to

---

[23]*Docket Entry 11* at 1.

[24]Federal Rule of Civil Procedure 12(b)is made applicable to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b).

[25]*Bankruptcy Docket Entry 57.*

[26]*Bankruptcy Docket Entry 70.*

wage the dispute in the ongoing California action by moving it to Oklahoma in precisely the same manner rejected by the [Oklahoma state court] in 2008."[27]   In fact, however, Debtor filed this adversary complaint alleging violation of the discharge injunction about a week after Defendants filed a Request for Entry of Default in the California state court action relating to the February 2008 complaint.[28]

A discharge order was entered in Debtor's bankruptcy case on September 10, 2010, giving rise to a permanent discharge injunction pursuant to § 524(a).[29]   The injunction prohibits the commencement or continuation of an action to recover a debt as a personal liability of the debtor that has been discharged.  This Court has continuing jurisdiction to ensure compliance with the discharge injunction.  As stated by the Tenth Circuit, "[u]nder 11 U.S.C. § 105(a), bankruptcy courts have the

---

[27]*Docket Entry 11* at 17.

[28]*Docket Entry 11-11.*  The Request for Entry of Default seeks judgment in the amount of $127,176 for special damages, $200,000 for general damages which Defendants allege are postpetition damages.  The Defendants also request attorney fees of $50,000.  The monetary amounts for "demand of complaint," interest, costs, and totals are listed "to be determined." *Id.*

[29]Section 524 provides in pertinent part:

(a) A discharge in a case under this title:

> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of a debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; . . .

11 U.S.C. § 524(a).

equitable power to enforce and remedy violations of substantive provisions of the Bankruptcy Code, including in particular the discharge injunction in § 524(a)(2)."[30]

Defendants dismissed their nondischargeability adversary complaint against Debtor on June 2, 2010, and never refiled.[31]  As a result, the claims Defendants alleged they had against Debtor in the February 2008 complaint filed in California state court have been discharged.  Although Defendants assert their Request for Entry of Default seeks only postpetition damages, on its face, it is a continuation of a prepetition action against the Debtor that is prohibited by the discharge injunction.  Accordingly, the Court disagrees with Defendants that "this proceeding is merely an attempt to resurrect the state law claims previously dismissed by this Court," and that the "Adversary Complaint is not properly before the Court and presents no justiciable claims."[32]  Having found that it has jurisdiction and that the Debtor has stated a claim, the Court will deny Defendants' Motion to Strike Debtor's complaint alleging violation of the discharge injunction.  Likewise, the Court finds no basis at this stage to sanction Debtor or her counsel.

## IV.    ORDER

IT IS THEREFORE ORDERED that Defendants' Motion to Strike (Docket Entry 11) is hereby DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Sanctions (Docket Entry 13) is hereby DENIED.

---

[30]*In re Paul,* 534 F.3d 1303, 1306 (10th Cir. 2008) (quoting *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 506-07 (9th Cir. 2002)).

[31]*2009 AP Docket Entry 61*.

[32]*Docket Entry 11* at 16, 18.

IT IS FURTHER ORDERED that Defendants' shall file an answer to the Amended Complaint on or before July 27, 2011.

###