Dated: December 21, 2012

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re:

**NITA SUE HAMBRICK**  Case No. 09-81378-TRC
 Chapter 13
       Debtor.

**NITA SUE HAMBRICK**

       Plaintiff,

v.  Adv. No. 11-8001-TRC

**PERCEPTUAL DEVELOPMENT**
**CORPORATION, ROBERT IRLEN,**
**HELEN IRLEN, AND BONNIE N. FINE,**

      Defendants.

## ORDER

This Court previously ordered that Plaintiff Nita Sue Hambrick shall be awarded her

attorney's fees and costs as sanctions against Defendants for violation of the discharge injunction.[1] Plaintiff's attorney filed an application for attorney's fees and costs with supporting documentation[2] and an amended supplemental application for paralegal fees.[3] Defendants filed responses objecting to certain time entries as excessive and unreasonable, and objected to any award for paralegal fees.[4] This Court held an evidentiary hearing on November 28, 2012.

The time records submitted are for two matters: Case No. 11-8001 Hambrick v. PDC et al, and Case No. 11-8002 Selby v. PDC et al. There is no division of time between the two cases or clients. Thus, the Court will review them as submitted, and, as suggested by Plaintiffs' counsel, consider that the tasks were the same for each client. Plaintiffs' attorney, Mr. Roberts, indicated that he agreed to represent them both at a single billable hourly rate since their cases involved similar facts and identical law.

Mr. Roberts testified that he has been in practice for approximately forty years. His current hourly rate, effective since 2010, is $250. Courts in McClain County, Tulsa County, Oklahoma County and the Western District of Oklahoma have approved this rate for Mr. Roberts. He represented Plaintiffs in earlier state court proceedings involving these Defendants, and in contested matters and adversary proceedings in their bankruptcy cases. He was contacted by Plaintiffs in early 2011 to represent them again against Defendants regarding a default judgment that was being

---

[1] *Docket Entries 128 and 129*, entered September 24, 2012.

[2] *Docket Entry 132*, superseded by *Docket Entry 135*, Amended Application for Attorney Fees and Costs.

[3] *Docket Entry 146*.

[4] *Docket Entries 140 and 149*.

pursued against them in California. His agreement with Plaintiffs was that each would pay $125 per hour, for a total of $250 an hour. Their agreement was not in writing.

Upon notice of the pending default judgment in January of 2011, Mr. Roberts worked many hours on an expedited basis. He searched every circuit court in the United States for cases involving creditors who violate the discharge injunction. Mr. Roberts is not an ECF filer in the Eastern District so he utilized Mr. Jimmy Veith's staff to file documents in these adversaries. He stated that his time entries were contemporaneous. Not all of his time was recorded as he did not bill for work performed at home. Roberts testified that much of the time he billed was necessitated by Defendants' conduct in continuing the California case against Plaintiffs, attempting to obtain information about the status of that case and orders of that court, and in researching applicable case law.

Under questioning by Defendants' counsel, Mr. Roberts responded that his time entries regarding discovery included additional work involving investigation of the California case proceedings, and extended conversations and meetings with his clients regarding requested discovery. Plaintiff Hambrick was hospitalized when discovery was requested, which added to the time he had to spend. Mr. Roberts also stated that he spent much time to update research, prepare exhibits for trial, and prepare for a settlement conference.

Mr. Justin Stout, attorney from Muskogee, Oklahoma, testified in support of Plaintiffs' Applications. Mr. Stout regularly practices before the Bankruptcy Court and is familiar with the fees charged by attorneys in this area. He stated that an hourly rate of $250 is reasonable for an experienced attorney such as Mr. Roberts, and in this type of matter, which he characterized as complex litigation. Mr. Stout reviewed the docket sheet and believed the hourly rate and the time

billed was reasonable.

Defendants object to all of Dana Moore's time. They characterized most of her time as secretarial that should be considered part of an attorney's general overhead, and not as paralegal time that would be separately billed to a client. Also, much of her time was needed because Mr. Roberts was not an ECF filer in this Court. Defendants also object to much of Mr. Roberts' time, and suggest that a fee of half the amount requested would be much more appropriate. Defendants questioned Mr. Roberts regarding specific time entries, suggesting that Mr. Roberts utilized "block billing" to describe the work performed instead of detailed entries. Defendants also attribute excessive billing to Mr. Roberts' lack of expertise in bankruptcy law.

This Application for Attorney Fees is a result of the Court's previous order finding that Defendants violated the discharge injunction, and awarding attorney fees as a sanction and consequence for that violation. So, the threshold task of this Court of reviewing the Application to determine a reasonable attorney fee is slightly different from the usual task of reviewing fees of a prevailing party. The discharge injunction is a vital component of our bankruptcy system. This Court imposed sanctions against Defendants for the purpose of forcing them to comply with the discharge injunction and to compensate Plaintiffs for the costs of stopping the violations. There is clearly a nexus between Defendants' conduct in violating the discharge injunction in continuing to pursue judgment against Plaintiffs in California and the attorney fees incurred by Plaintiffs in these adversaries.

A determination as to what is a reasonable attorney's fee is generally within the sound discretion of the trial court. In evaluating the attorney fees requested, this Court is guided by the

factors set forth in 11 U.S.C. § 330, as well as Oklahoma case law.[5] Generally, these factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and results obtained: (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

The Court has reviewed the specific time entries. Defendants object to many entries on the grounds that Mr. Roberts utilized "block billing," which generally identifies large blocks of time in a relatively imprecise manner instead of recording more descriptive, detailed tasks in smaller increments of time. Block billing does not *per se* require a reduction in attorney fees.[6] It is within this Court's discretion to determine whether the time spent is reasonable. Here, Mr. Roberts offered more detailed explanations of the work performed during large blocks of time. The Court is satisfied with his explanation regarding the entries Defendants' characterize as "block billing." However, some of the hours billed appear excessive for certain time entries, and beyond what was required for the task. The Court has identified the amount of time it approves for these particular tasks in Exhibit 1 attached to this Order. A reduction of 31.50 hours, or $7,875, is appropriate.

The Court finds that the questions presented in this case were somewhat novel and complex. The Court does not agree with Defendants that this adversary was procedurally improper, or that Mr.

---

[5]Both parties cite *State ex rel Burk v. Oklahoma City*, 1979 OK 115, 598 P.2d 659, for guidelines to be used in determining the reasonableness of attorney fees.

[6]*Flying J Inc. v. Comdata Network, Inc*. 322 Fed. Appx 610 (10th Cir. 2009).

Roberts' lack of bankruptcy expertise contributed to excessive billing. As this Court indicated in its earlier rulings in these adversaries and underlying bankruptcy cases, the procedure for pursuing a discharge injunction violation is not specified in the Bankruptcy Code or Rules, and different courts employ different procedures. The Court also agrees with Mr. Stout's assessment that Mr. Roberts' lack of bankruptcy expertise did not require him to spend more time than was reasonably necessary. Mr. Roberts testified that his clients were greatly distressed by the continued pursuit of large monetary judgments against them, and that extensive legal research was required to obtain the protection he thought the bankruptcy process afforded them.

The Court also finds that the hourly rate charged of $250 per hour for representing both Plaintiffs is reasonable. Mr. Roberts is an experienced trial attorney, had an established professional relationship with his clients, and is respected within the legal community. This Court is familiar with the hourly rates charged by attorneys in this district, and $250 per hour is reasonable for an experienced attorney.

The Court finds that no fees shall be awarded for the time of paralegal Dana Moore. No information was provided in the Supplemental Application regarding her hourly rate, nor was any testimony provided on that issue at trial. After reviewing her time records, it appears to the Court that most of her tasks were for emailing and transmitting files and documents, tasks that are normally considered general office overhead expenses.

The Court also declines to award costs of $105. There was no indication or explanation on the fee application or at trial of what the costs entail.

The Court is unable to recast its previous order as requested by Defendants Robert Irlen and Bonnie Fine. A violation of a court order and injunction is considered civil contempt. Damages

awarded in contempt actions are "sanctions." This Court determined that these Defendants prepared and directed the pursuit of prepetition claims that were discharged in bankruptcy.

The Court approves as reasonable total hours of 177.70 for a total fee of $44,425 for representing both Plaintiffs. The testimony of Mr. Roberts was that each Plaintiff owed him $125 per hour for the time he billed. Therefore, the Court directs Mr. Roberts to prepare a proposed judgment for attorney fees in each adversary proceeding, in accordance with this Order. Prior to submission to this Court, Mr. Roberts is directed to circulate the proposed judgment to Defendants' counsel, Mr. Sepkowitz, on or before January 5, 2013. Thereafter, Mr. Sepkowitz shall have until January 14, 2013, to review and comment. A proposed judgment shall be submitted to this Court on or before January 22, 2013.

###

...

## 11-8001 and 11-8002 EXHIBIT A to Court Order Regarding Attorney Fees

| Date | Time Requested | Time Approved | Task |
|---|---|---|---|
| Saturday, April 9, 2011 | 6.50 | 4.00 | Adversary Complaint, construct comparisons between Complaint/Amended Complaint |
| Thursday, October 27, 2011 | 4.50 | 2.50 | Receive and review Court ordered responses to Hambrick discovery |
| Wednesday, November 30, 2011 | 4.50 | 2.50 | Research/draft Hambrick discovery responses |
| Thursday, December 15, 2011 | 4.50 | 3.00 | Draft Responses to Defendants' discovery requests |
| Friday, December 16, 2011 | 7.50 | 5.00 | Client conference/work on discovery responses |
| Saturday, December 17, 2011 | 6.75 | 4.75 | Client conference/work on discovery responses |
| Sunday, December 18, 2011 | 5.25 | 4.00 | Client conference/work on discovery responses |
| Tuesday, December 20, 2011 | 8.50 | 6.00 | Research - Draft Pre-Trial Conference Order/Pre-Trial Memorandum |
| Thursday, December 29, 2011 | 4.50 | 2.00 | Draft Pre-Trial Conference Order- requested input from Sepkowitz |
| Friday, December 30, 2011 | 3.00 | 2.00 | Draft Pre-Trial Conference Order- requested input from Sepkowitz |
| Monday, January 9, 2012 | 4.50 | 3.00 | Prepare for Pre-Trial Conference - send proposed Order to Judge's Baliff |
| Wednesday, January 18, 2012 | 3.00 | 1.50 | Work on Sue Hambrick's Settlement Conference Statement |
| Monday, February 27, 2012 | 8.50 | 6.00 | Research/prepare for Settlement Conference/Telephone Conference with attorney Jim Veith (Debtors' bankruptcy attorney) |
| Thursday, March 1, 2012 | 7.25 | 5.00 | Settlement Conference preparation/client conferences |
| Tuesday, June 12, 2012 | 4.50 | 2.00 | Research cases cited by Defendants/finalize Response to Irlen Motion in Limine |
| Sunday, June 17, 2012 | 3.50 | 2.00 | Research/finalize Pre-Trial Order - email to Sepkowitz |